08 CV 10431

Mark S. Frey (MF 6172)
*Attorney for Plaintiff*
  *V.P. Music Group, Inc.*
119 Fifth Avenue
Third Floor
New York, New York 10003
<u>Telephone</u>: (212) 684-3929
<u>Facsimile</u>:  (212) 586-5175

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

V.P. MUSIC GROUP, INC.,                    :

                        Plaintiff,         :

           - against –                     :

TAD'S RECORD, INC., TAD A. DAWKINS,        :
TAD A. DAWKINS, JR., and KEMAR
McGREGOR, individually and doing business as   :
NO DOUBT RECORDS and NO DOUBT
PRODUCTIONS,                               :

                    Defendants.   :

------------------------------------------------------------X

<u>CIVIL ACTION</u>

<u>COMPLAINT</u>

Case No.

RECEIVED
DEC 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, V.P. Music Group, Inc., as and for its complaint, alleges as follows:

<u>THE PARTIES</u>

1.      Plaintiff, V.P. Music Group, Inc. ("VP Music") is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business in the County of Queens, State of New York.

2.      Upon information and belief, the Defendant Tad's Record, Inc. ("Tad's Record") is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, and maintains its main office for the transaction of business in the State of Florida.

3.      Upon information and belief the Defendant Tad A. Dawkins ("Dawkins")

is an individual residing in the State of Florida, and is a shareholder, officer and director of Tad's Record.

4.     Upon information and belief the Defendant Tad A. Dawkins, Jr. ("Dawkins, Jr.") is an individual residing in the State of Florida, and is a shareholder, officer and director of Tad's Record.   The Defendants Tad A. Dawkins and Tad A. Dawkins, Jr. are sometimes refered to collectively herein as the "Dawkins Defendants".

5.     Upon information and belief, the defendant Kemar McGregor ("McGregor') is an individual residing in Kingston, Jamaica, who does business under the name and style of No Doubt Records and/or No Doubt Productions (herein referred to collectively as the "No Doubt Entities").

## JURISDICTION AND VENUE

6.     Jurisdiction is based on the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b), and involves a claim of willful copyright infringment as provided for in 17 U.S.C §§ 501, *et. seq.* In addition, this Court has original jurisdiction over this action under 28 USC § 1332(a), and principles of pendant jurisdiction. The matter in controversy exceeds, exclusive of costs and interest, the sum of Seventy Five Thousand ($75,000) Dollars.

7.     The Court has personal jurisdiction over McGregor and the No Doubt Entities in that such Defendants have consented in writing to submit to the jurisdiction of this Court with respect to any breach of certain agreements entered into by Plaintiff, McGregor and the No Doubt Entities concerning music sound recordings, the breach of which is among the subjects of this action.

8.     In addition to the foregoing, the Court has personal jurisdiction over

McGregor and the No Doubt Entities in that such Defendants regularly transact business in the State of New York, specifically, but not limited to, traveling to New York City to conduct meetings with Plaintiff VP Music at their offices located in New York City.

9.   The Court has personal jurisdiction over Dawkins, Dawkins, Jr. and Tad's Record in that said Defendants have purposely committed within the State acts from which the claims set forth herein arise.

10.   The Court may also exercise personal jurisdiction over Tad's Record, Dawkins and Dawkins, Jr. in that, upon information and belief, Tad's Record, Dawkins and Dawkins, Jr. regularly transact business in the State of New York, specifically, but not limited to, the sale and distribution of record albums and compact discs in New York State. Some of the record albums and compact discs sold by Tad's Record, Dawkins and Dawkins, Jr. in New York State contain certain of the sound recordings which are among the subjects of this action

11.   Tad's Record, Dawkins and Dawkins, Jr. also regularly solicit New York based distribution companies to act as a distributor of Tad's Record products, and in fact regularly solicit VP Records Distributors, Inc. ("VP Records"), an affiliate of VP Music, to act as a distributor of their products. Upon information and belief,  Tad's Record, Dawkins and Dawkins, Jr. maintain a sales representative in New York State for the purpose of selling their products directly to retail outlets in New York State.

12.   Venue is proper in this Court pursuant to 28 USC § 1391(b) in that this is the District in which a substantial part of the events giving rise to the claims hereinafter set forth occurred, and Defendants McGregor and the No Doubt Entities have agreed in writing that venue in this District is proper for all claims concerning the breach of certain

3

agreements concerning music sound recordings entered into by Plaintiff, McGregor and the No Doubt Entities, the breach of which are the subject of this action.

13.    Plaintiff demands trial by jury of all issues in this case.

<u>THE FACTS</u>

14.    This is a civil action for: (i) wilfull and deliberate infringement of Plaintiff's copyrights in and to certain sound recordings in violation of 17 U.S.C. §§ 101 *et. seq.* and   501 *et. seq;* (ii) unfair competition; (iii) interference with prospective economic advantage; (iv) unjust enrichment; (v) tortious interference with contractual relations, (vi) breach of contract; and (vii) breach of the implied covenant of good faith and fair dealing.

15.    Plaintiff VP Music has been engaged in the business of recording and distributing music since 1993. In that time it has emerged as one of the world's leading record labels in the musical genre known as Reggae music.

16.    VP Music distributes music, on its own behalf and on behalf of third parties, through a variety of affiliates, one of which is known as  VP Records, which is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

17.    As part of its business VP Music enters into various agreements with music recording artists and music producers, which agreements grant VP Music the exclusive ownership of sound recordings and the copyrights to such recordings, and/or the exclusive right to reproduce, manufacture, distribute, sell, advertise and/or license same.

18.    On or about March 1, 2006 VP Music entered into an  exclusive

4

phonograph record licensing agereement with Hammer Muzik GmbH, No Doubt Productions and No Doubt Records in connection with certain musical recordings embodying performances by the recording artist Windel Edwards, professionally known as "Gyptian" (the "No Doubt Agreement"), which agreement granted VP Music exclusive rights in and to the sound recordings licensed therein, including the exclusive rights to manufacture, distribute, sell and advertise the sound recordings.

19.    The No Doubt Agreement further provided that the No Doubt Entities would not, and had not, granted to any third parties any rights inconsistent with the rights granted to VP Music in the agreement.

20.    On or about January 1, 2008 VP Music entered into an exclusive phonograph record licensing agereement with Kemar McGregor and No Doubt Records in connection with an album entitled "Rub-A-Dub", which album is comprised of sound recordings by various artists (the "McGregor Agreement"), and which agreement granted VP Music the exclusive rights to manufacture, distribute, sell and advertise the various sound recordings embodied on the album.

21.    The McGregor Agreement further provided that McGregor and No Doubt Record would not, and had not, granted to any third parties any rights inconsistent with the rights granted to VP Music in the agreement.

22.    On or about October 1, 2003 VP Music entered into an exclusive phonograph record licensing agereement with Arif Cooper in connection with an album entitled "Guardian Angel", which album is comprised of sound recordings by various artists (the "Cooper Agreement"), and which agreement granted VP Music exclusive rights to manufacture, distribute, sell and advertise the various sound recordings

embodied on the album.

23.     On or about December 21, 2006 VP Music entered into an exclusive recording artist agreement with Cassava Piece Records, LLC for the services of the recording artist David Brooks, professionally known as "Mavado" (the "Mavado Agreement"), which agreement granted VP Music exclusive rights in and to Mavado's recording services, and the ownership of all rights to all sound recordings made during the term of the agreement.

24.     On or about December 15, 1999 VP Music entered into an exclusive recording artist agreement with the recording artist Clifton Bailey, professionally known as "Capleton" (the "Capleton Agreement"), which agreement granted VP Music exclusive rights in and to Capleton's recording services, and the ownership of all rights to all sound recordings made during the term of the agreement.

25.     On or about May 1, 2007 VP Music entered into an exclusive recording artist agreement with the recording artist Shauna McKenzie, professionally known as "Etana" (the "Etana Agreement"), which agreement granted VP Music exclusive rights in and to Etana's recording services, and the ownership of all rights to all sound recordings made during the term of the agreement.

26.     On or about November 1, 2003, VP Music entered into an exclusive recording artist agreement with the recording artists Roy Morgan, Una Morgan, Peter Morgan, Memmalatel Morgan and Nakhamyah Morgan, individiually and collectively recording under the name and style of "Morgan Heritage" (the "Morgan Heritage Agreement"), which agreement granted VP Music exclusive rights in and to the recording services of Roy Morgan, Una Morgan, Peter Morgan, Memmalatel Morgan and

Nakhamyah Morgan, individiually and collectively as Morgan Heritage, and the ownership of all rights to all sound recordings made during the term of the agreement.

27.     Mavado, Capleton, Etana, Roy Morgan, Una Morgan, Peter Morgan, Memmalatel Morgan, Nakhamyah Morgan and Morgan Heritage are hereinafter refered to collectively as the "VP Artists".

The Licensed Masters

28.     Pursuant to the terms of the McGregor Agreement VP Music has the exclusive rights to manufacture, distribute, sell and advertise the master sound recording entitled "De Plane Land", a/k/a "The Plane Land" as performed by the recording artist Richell Bonner, professionally known as "Richie Spice" (herein the "First Richie Spice Master").

29.     Pursuant to the terms of the McGregor Agreement and the Capleton Agreement VP Music has both the exclusive rights to manufacture, distribute, sell and advertise, and the exclusive ownership rights, to the master sound recording entitled "Same Old (Story)" as performed by the VP Music Recording Artist Capleton (herein the "First Capleton Master").

30.     Pursuant to the terms of the Cooper Agreement VP Music has the exclusive right to manufacture, distribute, sell and advertise the master sound recording entitled "The World Is a Cycle", as performed by the recording artist Richell Bonner, professionally known as "Richie Spice" (herein the "Second Richie Spice Master").

31.     Pursuant to the terms of the Cooper Agreement VP Music has the exclusive right to manufacture, distribute, sell and advertise the master sound recording entitled "To Your Arms Of Love", as performed by the recording artist Siccaturie

Alcock, professionally known as "Jah Cure" (herein the "Jah Cure Master").

32. Pursuant to the terms of the No Doubt Agreement, VP Music has exclusive rights to the master sound recordings entitled "My Head" (the "First Gyptian Master") and "Keep Your Calm" (the "Second Gyptian Master") as performed by the recording artist Windel Edwards, professionally known as "Gyptian" (herein collectively the "Gyptian Masters")

33. The First Richie Spice Master, the Second Richie Spice Master, the First Capleton Master, the Jah Cure Master and the Gyptian Masters are hereinafter refered to collectively as the "VP Licensed Masters".

34. VP Music has either licensed or distributed the VP Licensed Masters in compliance with the terms of the McGregor Agreement, the No Doubt Agreement and the Cooper Agreement, and has retained at all times its sole and exclusive rights to do so.

<u>The VP Artist Masters</u>

35. Pursuant to the terms of the Mavado Agreement, Mavado is to provide exclusive recording services to VP Music during the term thereof, and in furtherance of said agreement Mavado has recorded a musical composition entitled "On The Rock" (the "Mavado Master").

36. Pursuant to the terms of the Capleton Agreement, Capleton is to provide exclusive recording services to VP Music during the term thereof, and in furtherance of said agreement Capleton has recorded musical compositions entitled "Same Old (Story)" (the First Capleton Master) and "Pain" (the "Second Capleton Master").

37. Pursuant to the terms of the Etana Agreement, Etana is to provide exclusive recording services to VP Music during the term thereof, and in furtherance of

said agreement Etana has recorded a musical composition entitled "Gun" (the "Etana Master").

38.    Pursuant to the terms of the Morgan Heritage Agreement, Roy Morgan, Una Morgan, Peter Morgan, Memmalatel Morgan and Nakhamyah Morgan, individiually and collectively as Morgan Heritage, are to provide exclusive recording services to VP Music during the term thereof, and in furtherance of said agreement Morgan Heritage has recorded a musical composition entitled "People Hungry" (the "Morgan Heritage Master").

39.    The Mavado Master, the First Capleton Master, the Second Capelton Master, The Etana Master and the Morgan Heritage Master are hereinafter refered to collectively as the "VP Artist Masters".

40.    In accordance with the terms of the exclusive recording artist agreements entered into between VP Music and the VP Artists, VP Music owns all rights to the VP Artist Masters, including without limitation all copyrights to said recordings.

41.    The VP Artist Masters constitute original works that may be copyrighted under United States law by VP Music.

42.    VP Music has applied to the United States Copyright Office for certificates of registration for the VP Artist Masters (see exhibit "A" attached hereto) which are identified as follows:

a)    *On The Rock*, (the Mavado Master);

b)    *Gun*, (the Etana Master);

c)    *Same Old (Story)*, (the First Capleton Master);

d)    *Pain*, (the Second Capleton Master); and

9

    e)      *People Hungry,* (the Morgan Heritage Master).

43.     With the exception of the Mavado Master which has been released by an affiliate of VP Music pursuant to a waiver of exclusivity, VP Music has not yet licensed or distributed to any third parties the sound recordings set forth hereinabove which sound recordings embody performances of the VP Artists, and has remained the sole owner of the copyrights in such Masters.

<u>The First Infringing Album</u>

44.     On or about April 17, 2008, Tad's Record contacted VP Record and inquired if VP Record would act as a distributor for a compilation album of various artists entitled "The Ultimate Reggae Dancehall X-Perience 2008" that was being released by Tad's Record (herein the "First Infringing Album"). A copy of the cover of the First Infringing Album and the track listing thereof is attached hereto as exhibit "B".

45.     The First Infringing Album contains both VP Licensed Masters and VP Artist Masters.

46.     At no time did Plaintiff VP Music authorize, enter into any agreement with, or grant a license to, Defendant Tad's Record which would have granted Tad's Record the right to use either the VP Licensed Masters or the VP Artist Masters.

47.     Specifically, the First Infringing Album contains the following sound recordings in which VP Music in accordance with the terms of the McGregor Agreement, the No Doubt Agreement and the Cooper Agreement owns the exclusive right to manufacture, distribute, sell and advertise same:

    a)      *De Plane Land,* (the First Richie Spice Master);

    b)      *The World Is A Cycle,* (the Second Richie Spice Master);

    c)       *To Your Arms Of Love,* (the Jah Cure Master);

    d)       *Same Old (Story),* (the First Capleton Master); and

    e)       *My Head,* (the First Gyptian Master); (herein collectively the "First Infringing Album Licensed Masters").

48.    The First Infringing Album contains the following sound recordings in which VP Music, in accordance with the agreements entered into between VP Music and the various VP Artists, owns the copyrights to the sound recordings:

    a)       *On The Rock,* (the Mavado Master);

    b)       *Gun,* (the Etana Master);

    c)       *Same Old (Story)*, (the First Capleton Master); and

    c)       *Pain,* (the Second Capleton Master); (herein collectively the "First Infringing Album Artist Masters").

49.    The use by Tad's Record of the First Infringing Album Artist Masters infringes on Plaintiff's copyrights in and to the sound recordings.

50.    The use by Tad's Records of the First Infringing Album Licensed Masters infringes upon Plaintiff's exclusive rights granted to Plaintiff by the Licensors of said sound recordings.

51.    Upon information and belief, the Dawkins Defendants exercise control over, and personally participated in, the infringing activities of Tad's Record.

52.    Upon information and belief the Dawkins Defendants personally benefitted from the infringing activities of Tad's Record.

53.    On or about April 18, 2008 Tad's Record was advised in writing by attorneys for VP Music that the distribution and sale of the First Infringing Album

constituted a willful and knowing infringement of Plaintiff's rights, and that if Tad's Record failed to immediately cease and desist from such activity Plaintiff would hold it accountable to the full extent of the law.

54.     On or about May 1, 2008, Christopher Chin ("Chin"), the President of VP Music, had a conversation with Defendant Dawkins in which Chin advised Dawkins that VP Music had exclusive rights in and to the First Infringing Album Artist Masters and the First Infringing Album Licensed Masters, and that VP Music had not, and would not, authorize or license the use of the First Infringing Artist Masters and/or the First Infringing Licensed Masters by Tad's Record.

55.     In response, Dawkins told Chin that he did not care, and that he would find someone else to distribute and sell the First Infringing Album regardless of what Chin had to say.

56.     Despite having received both oral and written notice, Defendants Tad's Record, Dawkins and Dawkins, Jr. continued with their infringing activities and commenced distributing and selling the First Infringing Album.

57.     However, in or about June, 2008, following receipt of another cease and desist letter from attorneys representing VP Music, Dawkins contacted Chin and stated, in substance, that he had consulted with an attorney and that he had been told by his attorney that his actions were indefensible and that he should contact Plaintiff and "do the right thing".

58.     In response, Plaintiff attempted to negotiate a settlement with Defendants Tad's Record, Dawkins and Dawkins, Jr., which would have allowed them, in exchange for payment of an appropriate fee, to use some of the sound recordings, but not all of

them, and which would have provided for the payment of Plaintiff's attorney fees incurred to date.

59.     During the course of the negotiations, Plaintiff was advised by Dawkins that Dawkins believed that he had the right to use certain of the sound recordings because they had been licensed to Tad's Record by McGregor and/or one or both of the No Doubt Entities.

60.     In particular, Dawkins claimed to have entered into a license agreement with McGregor and/or one or both of the No Doubt Entities for the following sound recordings:

    a)     *De Plane Land,* (the First Richie Spice Master);

    b)     *Same Old (Story)*, (the First Capleton Master); and

    c)     *My Head,* (the First Gyptian Master).

61.     In response to such claim, Dawkins was advised that VP Music was unaware of any such license agreement and that any such license agreement would have violated Plaintiff's exclusive rights under the terms of the McGregor Agreement and/or the No Doubt Agreement.

62.     Despite numerous requests made by Plaintiff, Dawkins never produced a copy of the claimed license agreement with McGregor or Tad's Record or one or both of the Dawkins Defendants.

63.     In an effort to determine the veracity of Dawkins' claim that McGregor had licensed certain sound recordings to Tad's Record, Chin contacted McGregor, who confirmed that he had licensed the aforementioned sound recordings to Tad's Record, but claimed that he had done so prior to entering into the McGregor Agreement and the No

Doubt Agreement with Plaintiff.

64.     Despite numerous requests, McGregor never produced a copy of the claimed license agreement with Tad's Record.

65.     Moreover, even if McGregor or one or both of the No Doubt Defendants had licensed the aforementioned sound recordings to Tad's Record prior to entering into the McGregor Agreement and the No Doubt Agreement with Plaintiff, both the McGregor Agreement and the No Doubt Agreement contained a representation that Plaintiff had been granted sole and exclusive rights to the sound recordings and that no rights had been granted to any third parties to any of the sound recordings that were inconsistent with that representation.

66.     McGregor, and eventually McGregor's attorney, were advised by Plaintiff that any agreement that McGregor and/or the No Doubt Entities may have entered into with Tad's Record for the use of the First Richie Spice master, the First Capleton Master and/or the First Gyptian Master, would constitue a breach of the of the McGregor Agreement and/or the No Doubt Agreement.

67.     After weeks of negotiation with Dawkins, a final draft of an agreement was prepared and on July 22, 2008 the agreement was mailed to Dawkins for his signature. Dawkins failed and refused to sign the agreement, and instead became uncommunicative; he refused to return telephone calls and refused to respond to written communications.

The Second Infringing Album

68.     On or about August 7, 2008, VP Record was solicited to act as a distributor for a new Tad's Record compilation album entitled "Drop It Riddim" (herein

the "Second Infringing Album"). A copy of the solicitation received by VP Record from Tad's Record for the Second Infringing Album is attached hereto as exhibit "C".

69.     The Second Infringing Album contains a VP Licensed Master and a VP Artist Master.

70.     At no time did Plaintiff VP Music authorize, enter into any agreement with, or grant a license to, Defendant Tad's Record which would have granted Tad's Record the right to use either a VP Licensed Master or a VP Artist Master on the Second Infringing Album.

71.     Specifically, the Second Infringing Album contains the following sound recording in which VP Music, in accordance with the terms of the No Doubt Agreement, owns the exclusive right to manufacture, distribute, sell and advertise same:

        a)     *Keep Your Calm,* (the Second Gyptian Master), also referred to hereinafter after as "The Second Infringing Album Licensed Master".

72.     The Second Infringing Album contains the following sound recording in which VP Music, in accordance with the terms of the Morgan Heritage Agreement, owns the copyright to the sound recordings:

        a)     *People Hungry,* (the Morgan Heritage Master); also referred to hereinafter after as "The Second Infringing Album Artist Master".

73.     At no time did Plaintiff VP Music authorize, enter into any agreement with, or grant a license to, Defendant Tad's Record which would have granted Tad's Record the right to use either the Second Gyptian Master or the Morgan Heritage Master.

74.     The use by Tad's Record of the Second Infringing Album Artist Master infringes on Plaintiff's copyrights in and to the sound recording.

75.     The use by Tad's Records of the Second Infringing Album Licensed Master infringes upon Plaintiff's exclusive rights granted to Plaintiff by the Licensor of said sound recording.

76.     Tad's Record either knew, or should have known, that the use of the Second Gyptian Master and the use of the Morgan Heritage Master was violative of Plaintiff's contractual rights and copyrights.

77.     Upon information and belief, the Dawkins Defendants exercised control over, and personally participated in, the infringing activities of Tad's Record arising from the distrubution and sale of the Second Infringing Album.

78.     Plaintiff personally notified McGregor's attorney that the Second Infringing Album contained masters that McGregor and/or the No Doubt Entities had exclusively licensed to Plaintiff.

79.     Upon information and belief neither McGregor nor either or both of the No Doubt Entities have ever taken any actions to prevent or stop the sale of the First Infringing Album and/or the Second Infringing Album.

80.     Tad's Record and the Dawkins Defendants continue to infringe Plaintiff's copyrights and contractual rights by continuing to manufacture, sell, distribute and advertise the First Infringing Album and the Second Infringing Album containing the Infringing Artist Masters and the Infringing Licensed Masters, and further have engaged in intentional interference with Plaintiff's contractual rights, unfair trade practices and unfair competition in connection with its manufacture, sale and distribution of the First Infringing Album and the Second Infringing Album, thereby causing Plaintiff irreparable damage.

16

81. McGregor and the No Doubt Entities continue to be in breach of the McGregor Agreement and the No Doubt Agreement by allowing and authorizing the continued manufacture, distribution, sale and advertising of those sound recordings which they have exclusively licensed to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### DEFENDANTS TAD'S RECORD, INC., TAD A. DAWKINS and
### TAD A. DAWKINS, JR.
#### (Federal Copyright Infringement)

82. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "81" as though herein at length set forth.

83. Without VP Music's authorization or license, and having knowledge of VP Music's rights in and to the copyrights contained in the VP Artist Masters and in the recorded performances of the VP Artists, Tad's Record and the Dawkins Defendants have engaged and continue to engage in the manufacture, sale and distibution of two albums which contain the unauthorized and unlicensed VP Artist Masters.

84. The use by Tad's Record and the Dawkins Defendants of the VP Artist Masters constitutes wilfull and deliberate infringment of VP Music's copyrights, without VP Music's authorization or consent, in violation of 17 U.S.C. §§ 101 *et. seq.* and 501 *et. seq.*

85. By virtue thereof, Plaintiff is entitled to the full statutory relief available to it, including without limitation: a) the granting of an injunction enjoining Tad's Record and the Dawkins Defendants and their agents from disposing of any copies of the Infringing Album by sale or otherwise; b) the granting of an order requiring Tad's Record and the Dawkins Defendants to account and pay as damages to the Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling Plaintiff's

recordings, and all profits and advantages gained from infringing the Plaintiff's copyrights, including the maximum amount of damages allowed by statute; c) the granting of an order directing Tad's Record and the Dawkins Defendants to deliver for impoundment all copies of the Infringing Albums in their possession or control and deliver for destruction all master tapes and other material used for making infringing copies of the Masters; and d) ordering Tad's Record and the Dawkins Defendants to pay Plaintiff interest, costs and disbursements and its reasonable attorney's fees incurred in this proceeding.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANTS TAD'S RECORD, INC., TAD A. DAWKINS and
TAD A. DAWKINS, JR.
(Unfair Competition)**

86.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "85" as though herein at length set forth.

87.    Tad's Record and the Dawkins Defendants are engaged in the business of manufacturing, selling and distributing music in the musical genre known as Reggae music, and as such are direct competitiors of VP Music.

88.    The attempt by Tad's Record and the Dawkins Defendants to prevent VP Music from controlling and profiting from the sound recordings created by VP Music at its own cost and expense, is a wrongful attempt by Defendants to misappropriate the skill, expenditures and labor of Plaintiff and to wrongfully prevent it from being a competitor.

89.    The knowing, deliberate and wilfull use of sound recordings belonging to VP Music, without VP Music's knowledge, license or consent, constitutes commercial piracy, and by virtue thereof Tad's Record and the Dawkins Defendants have acted in an unethical and commercially inappropriate manner.

90.   By virtue thereof Plaintiff has suffered damage and sustained injury in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS TAD'S RECORD, INC., TAD A. DAWKINS and TAD A. DAWKINS, JR.
#### (Interference With Prospective Economic Advantage)

91.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "90" as though herein at length set forth.

92.   The conduct of Tad's Record and the Dawkins Defendants constitutes interference with prospective economic advantage. By virtue of the misconduct alleged above, Tad's Record and the Dawkins Defendants have knowingly interfered with VP Music's exclusive rights to engage in the sale, licensing and exploitation of the sound recordings that have been wilfully misappropriated by Tad's Record and the Dawkins Defendants.

93.   Defendants' interference is not only wrongful, it is also fraudulent in that it, among other things, allows Tad's Record and the Dawkins Defendants to hold themselves out as having the ownership of sound recordings that they do not own, or having the right or authority to exploit sound recordings, and collect revenues from such exploitation, when in fact they have no such right or authority.

94.   As a proximate result of the wrongful and knowing interference by Tad's Record and by the Dawkins Defendants in the business of VP Music, Plaintiff has lost – and will continue to lose – substantial income.

95.   The wrongful and knowing interference by Tad's Record and by the Dawkins Defendants with the business of VP Music was malicious, fraudulent and

oppresive, and undertaken in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive and exemplary damages in an amount sufficient to punish Tad's Record and the Dawkins Defendants and deter them from similar conduct.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS TAD'S RECORD, INC., TAD A. DAWKINS and TAD A. DAWKINS, JR.
#### (Unjust Enrichment)

96.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "95" as though herein at length set forth.

97.     Tad's Record and the Dawkins Defendants have realized substantial monetary gain and benefit from appropriating and interfering with the business opportunities of Plaintiff, including without limitation collecting revenue from the commercial exploitation of sound recordings which are either owned by VP Music, or which VP Music maintains exclusive rights to.

98.     Tad's Record and the Dawkins Defendants have been unjustly enriched to the damage, detriment and exclusion of Plaintiff in a total amount which is presently unascertained.

99.     It would be fundamentally unjust and unfair to allow Defendants to retain the benefits they received in such manner, and all such money should be paid to Plaintiff.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS TAD'S RECORD, INC., TAD A. DAWKINS and TAD A. DAWKINS, JR.
#### (Tortious Interference With Contractual Relations)

100.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "99" as though herein at length set forth.

101.    The No Doubt Agreement and the McGregor Agreement are valid and binding agreements between Plaintiff VP Music and Defendants McGregor and the No Doubt Entities.

102.    Plaintiff has fully complied with all of its obligations under the McGregor Agreement and the No Doubt Agreement.

103.    Tad's Record and the Dawkins Defendants know of the exsistence of the McGregor Agreement and the No Doubt Agreement, and are fully aware of the exclusive rights granted to VP Music pursuant to the terms of said agreements.

104.    Tad's Record and the Dawkins Defendants intentionally and wrongfully interfered with the McGregor Agreement and the No Doubt Agreement by procuring, inducing, and/or assisting in the breach of the McGregor Agreement and the No Doubt Agreement by McGregor and the No Doubt Entities without justification.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS KEMAR McGREGOR, NO DOUBT RECORDS and NO DOUBT PRODUCTIONS
#### (Breach of Contract)

105.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "104" as though herein at length set forth.

106.    Defendants McGregor, No Doubt Records and No Doubt Productions have breached the McGregor Agreement and the No Doubt Agreement by entering into license agreements with third parties in violation of the exclusive rights granted to Plaintiff VP Music in said agreements.

107.    Defendants McGregor, No Doubt Records and No Doubt Productions have breached the representations and warranties made by them and contained in the McGregor Agreement and the No Doubt Agreement that:

a)    the right to manufacture, distribute, sell and advertise the sound recordings that are the subject of said agreements was exclusive to VP Music;

b)    no rights had been granted to any third parties that were inconsistent with any of the rights granted VP Music pursuant to the terms of said agreements; and

c)    neither they, nor any person deriving any rights from them, shall at any time do, or authorize anyone else to do, anything inconsistent with, or which might diminish or impair, any of the rights of VP Music granted them pursuant to the terms of said agreements.

108.    By virtue thereof, Plaintiff VP Music has suffered injury and sustained damage in an amount to be determined by the trier of fact.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS KEMAR McGREGOR, NO DOUBT RECORDS and NO DOUBT PRODUCTIONS
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

109.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "108" as though herein at length set forth.

110.    The McGregor Agreement and the No Doubt Agreement each contained an implied covenant of good faith and fair dealing which obligated McGregor and the No Doubt Entities to refrain from doing any act that would frustrate the agreed commion purpose of the McGregor Agreement and the No Doubt Agreement and disappoint the reasonable expectations of Plaintiff VP Music.

111.    The aforementioned conduct of McGregor and the No Doubt Entities has breached the implied covenant of good faith and fair dealing.

112.    By virtue thereof, Plaintiff VP Music has suffered injury and sustained

damage in an amount to be determined by the trier of fact.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS KEMAR McGREGOR, NO DOUBT RECORDS, NO DOUBT PRODUCTIONS and TAD'S RECORD, INC.
### (Tortious Interference With Contractual Relations)

113.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "112" as though herein at length set forth.

114.    The Morgan Heritage Agreement is a valid and existing agreement between Plaintiff VP Music and the VP recording artists known individiually as Roy Morgan, Una Morgan, Peter Morgan, Memmalatel Morgan and Nakhamyah Morgan, and collectively as Morgan Heritage.

115.    McGregor and the No Doubt Entities knew, or should have known, that the members of Morgan Heritage, both individiually and collectively, were signed exclusively to Plaintiff VP Music as recording artists, and that as a result Plaintiff VP Music would exclusively own all rights in and to any sound recordings made during the term of the exclusive artist recording agreement with Plaintiff VP Music.

116.    McGregor and/or the No Doubt Entities recorded the Morgan Heritage Master and sold and/or licensed the Morgan Heritage Master to Tad's Record, without the prior knowledge or consent of Plaintiff VP Music, all in violation of Plaintiff's exclusive rights pursuant to the Morgan Heritage Agreement.

117.    McGregor and/or the No Doubt Entities sold and/or licensed the Morgan Heritage Master to Tad's Record with full knowledge of the fact that such sale or license required the consent of Plaintiff VP Music.

118.    The sale and/or license by McGregor and/or the No Doubt Entities of the Morgan Heritage Master to Tad's Record, without the knowledge or consent of Plaintiff

VP Music, was intentional and done so as to knowingly deprive Plaintiff VP Music of the benefits of the Morgan Heritage Agreement.

119.    Upon information and belief, defendant Tad's Record entered into an agreement with McGregor and/or the No Doubt Entities for the use of the Morgan Heritage Master, and released said master as part of the Second Infringing Album, in knowing and conscious disregard of the rights of Plaintiff VP Music in and to the Morgan Heritage Master, also referred to herein as the Second Infringing Album Artist Master.

120.    By virtue thereof, Plaintiff VP Music has suffered injury and sustained damage in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff demands judgment as follows:

a)      On its first cause of action Plaintiff demands that:

i)       until this case is decided that the Defendants and the Defendants' agents be enjoined from disposing of any copies of the Infringing Album by sale or otherwise;

ii)      Defendants account and pay as damages to the Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling Plaintiff's recordings, and all profits and advantages gained from infringing the Plaintiff's copyrights, including the maximum amount of damages allowed by statute;

iii)     Defendants deliver for impoundment all copies of the Infringing Album in the Defendants' possession or control and deliver for destruction all master tapes and other material used for making infringing copies of the Infringing Masters;

iv)     Defendants pay Plaintiff interest, cost and disbursements and its reasonable attorney's fees incurred in this proceeding;

b)       On its second cause of action judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000);

c)       On its third cause of action a judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000), together with an award of punitive and exemplary damages in an amount sufficient to punish Defendants Tad's Record Inc., Tad A. Dawkins and Tad A. Dawkins, Jr. and deter them from similar conduct;

d)       On its fourth cause of action in an amount to be ascertained by the trier of fact;

e)       On its fifth cause of action judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000);

f)       On its sixth cause of action judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000);

g)       On its seventh cause of action judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000);

h)       On its eighth cause of action judgment in an amount to be determined at the trial of this action, but reasonably believed to be no less than One Hundred Thousand Dollars ($100,000)

i)       Granting such other and further relief as the Court deems just and

reasonable, including without limitation the costs and disbursements of this action and a

reasonable attorney's fee.

Dated: New York, New York
      November _13_ , 2008

MARK S. FREY (3929)
*Attorney for Plaintiff*
*V.P. Music Group, Inc.*
119 Fifth Avenue
New York, N.Y. 10003
(212) 684-3929

FSC

Mixed Sources

Cert no. SW-COC-002986
www.fsc.org
© 1996 Forest Stewardship Council

**Exhibit A**

**Jamila Glean**

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Tuesday, November 11, 2008 1:15 PM |
| **To:** | Jamila Glean |
| **Subject:** | Acknowledgement of Receipt |

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

We received your application and fee for the work On The Rock on 11/11/2008. The following applies to registration claims only (not preregistrations): To complete your registration, you must upload the material you wish to register OR submit a hardcopy version via postal mail. For hardcopy submissions, be sure to print out and attach a shipping slip from eCO. The effective date of the eCO registration will be established only when we have received all three elements - namely, the electronic application, the fee and the material you wish to register in its entirety. When the registration has been completed, we will send your paper certificate by mail. You may check the status of this claim from your personal account home page using this number [1-132330337].

[THREAD ID: 1-270DZ4]

United States Copyright Office

# Upload successful

The following files were successfully uploaded for service request 1-132330337:

- On the Rock as performed by Movado.wma

Please note the service request number above for future reference.

## Claim Detail

**Claim Id:** 1-26SAQR                     **Case #:** 1-132330337

**Title:** On The Rock



**All Titles**

| Title of Work | Type |
|---|---|
| On The Rock | Title of work being registered |
| On The Rock as performed by Movado | Previous or Alternative Title |



**Publication/Completion**

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number |
|---|---|---|---|---|---|
| Yes | 2007 | 8/1/2007 | United States | | |



**Authors & Contributions (SR)**

| Name | Organization Name | Doing business as | Work For Hire | Text | Other |
|---|---|---|---|---|---|
| | VP Music Group, Inc. | | Yes | | |



**Claimants**

| Name | Organization Name | Transfer Statement | Transfer Stmt Other |
|---|---|---|---|
| | VP Music Group, Inc. | | |



**Claim Limitations review (SR)**

| Material Excluded | New Material Included | Previous |
|---|---|---|

**Upload Electronically**

**Jamila Glean**

| | |
|---|---|
| **From:** | US Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Tuesday, September 30, 2008 4:31 PM |
| **To:** | Jamila Glean |
| **Subject:** | Acknowledgement of Receipt |

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

We received your application and fee for the work VPMGSRCO001092908 on 09/30/2008. The following applies to registration claims only (not preregistrations): To complete your registration, you must upload the material you wish to register OR submit a hardcopy version via postal mail. For hardcopy submissions, be sure to print out and attach a shipping slip from eCO. The effective date of the eCO registration will be established only when we have received all three elements - namely, the electronic application, the fee and the material you wish to register in its entirety. When the registration has been completed, we will send your paper certificate by mail. You may check the status of this claim from your personal account home page using this number [1-97514651].

[THREAD ID: 1-1N24JC]

United States Copyright Office

1

# Claim Detail

**Claim Id:** 1-1M22SD          **Case #:** 1-97514651

**Title:** VPMGSRCO001092908

## All Titles

1 - 8 of 8

| Title of Work | Type |
|---|---|
| VPMGSRCO001092908 | Title of work being registered |
| My Head as recorded by Gyptian | Contents Title |
| Pain as recorded by Capleton feat. Babu Zaro & Contractor | Contents Title |
| Gun as recorded by Etana feat. Lutan Fyah | Contents Title |
| Free as recorded by Etana | Contents Title |
| Bad Mind as recorded by Etana | Contents Title |
| People Hungry as recorded by Morgan Heritage | Contents Title |
| Weak in the Knees as recorded by Gyptian feat. Tina | Contents Title |

## Publication/Completion

1 - 1 of 1

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number |
|---|---|---|---|---|---|
| Yes | 2007 | 8/1/2007 | United States | | |

## Authors & Contributions (SR)

1 - 1 of 1

| Name | Organization Name | Doing business as | Work For Hire | Text | Other |
|---|---|---|---|---|---|
| | VP Music Group, Inc. | | Yes | | |

## Claimants

1 - 1 of 1

| Name | Organization Name | Transfer Statement | Transfer Stmt Other |
|---|---|---|---|
| | VP Music Group, Inc. | | |

## Claim Limitations review (SR)

| Material Excluded | New Material Included | Previous Registration |
|---|---|---|
| Text | Text | 1st Prev. Reg. # |
| Artwork | Remix | Year |
| Production | Artwork | 2nd Prev. Reg. # |
| Performance | Production | Year |
| Photograph(s) | Compilation | |
| Sound Recording | Performance | |
| Other | Photographs | |

Sound Recording
Other

## Rights & Permissions

| | | | |
|---|---|---|---|
| First Name: | | Organization Name: | VP Music Group, Inc. |
| Middle Name: | | Address 1: | 89-05 138TH Street |
| Last Name: | | Address 2: | |
| Email: | | City: | Jamaica |
| Phone: | | State: | NY |
| Alternate Phone: | | Postal Code: | 11435 |
| | | Country: | United States |

## Correspondent

| | | | |
|---|---|---|---|
| First Name: | Jamila | | |
| Middle Name: | | Organization Name: | VP Music Group, Inc. |
| Last Name: | Glean | Address 1: | 89-05 138TH Street |
| Email: | JAMILA.GLEAN@VPRECORDS.COM | Address 2: | |
| Phone: | (718) 425-1100 | City: | Jamaica |
| Alternate Phone: | | State: | NY |
| Fax: | | Postal Code: | |
| | | Country: | |

## Mail Certificate

| | | | |
|---|---|---|---|
| First Name: | Jamila | Organization Name: | VP Music Group, Inc. |
| Middle Name: | | Address 1: | 89-05 138TH Street |
| Last Name: | Glean | Address 2: | |
| | | City: | Jamaica |
| | | State: | NY |
| | | Postal Code: | 11731 |
| | | Country: | United States |

## Certification

| | |
|---|---|
| Name: | Chris Chin |
| Certified: | ✔ |
| Special Handling: | |
| Applicant's Internal Tracking Number: | |
| Note to Copyright Office: | |
| Upload Electronically | ✔ |
| Send By Mail | |

**Jamila Glean**

| | |
|---|---|
| **From:** | US Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Tuesday, September 30, 2008 4:31 PM |
| **To:** | Jamila Glean |
| **Subject:** | Acknowledgement of Receipt |

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

We received your application and fee for the work Riddim Driven Rub-A-Dub on 09/30/2008. The following applies to registration claims only (not preregistrations): To complete your registration, you must upload the material you wish to register OR submit a hardcopy version via postal mail. For hardcopy submissions, be sure to print out and attach a shipping slip from eCO. The effective date of the eCO registration will be established only when we have received all three elements - namely, the electronic application, the fee and the material you wish to register in its entirety. When the registration has been completed, we will send your paper certificate by mail. You may check the status of this claim from your personal account home page using this number [1-97582110].

[THREAD ID: 1-1N24KK]

United States Copyright Office

## Claim Detail

**Claim Id:** 1-1M3IYY          **Case #:** 1-97582110

**Title:** Riddim Driven Rub-A-Dub

## All Titles

1 - 1 of 1

| Title of Work | Type |
|---|---|
| Riddim Driven Rub-A-Dub | Title of work being registered |

## Publication/Completion

1 - 1 of 1

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number |
|---|---|---|---|---|---|
| Yes | 2008 | 4/8/2008 | United States | | |

## Authors & Contributions (SR)

1 - 1 of 1

| Name | Organization Name | Doing business as | Work For Hire | Text | Other |
|---|---|---|---|---|---|
| KEMAR RICARDO MCGREGOR | | | No | | |

## Claimants

1 - 1 of 1

| Name | Organization Name | Transfer Statement | Transfer Stmt Other |
|---|---|---|---|
| | VP Music Group, Inc. | By written agreement | |

## Claim Limitations review (SR)

| Material Excluded | New Material Included | Previous Registration |
|---|---|---|
| Text | Text | 1st Prev. Reg. # |
| Artwork | Remix | Year |
| Production | Artwork | 2nd Prev. Reg. # |
| Performance | Production | Year |
| Photograph(s) | Compilation | |
| Sound Recording | Performance | |
| Other | Photographs | |
| | Sound Recording | |
| | Other | |

## Rights & Permissions

| | | | |
|---|---|---|---|
| First Name: | | Organization Name: | VP Music Group, Inc. |
| Middle Name: | | Address 1: | 89-05 138TH Street |
| Last Name: | | Address 2: | |
| Email: | jamila.glean@vprecords.com | City: | Jamaica |
| Phone: | (718) 425-1100 | State: | NY |
| Alternate Phone: | | Postal Code: | |
| | | Country: | |

## Correspondent

| | | | |
|---|---|---|---|
| First Name: | Jamila | Organization Name: | VP Music Group, Inc. |
| Middle Name: | | Address 1: | 89-05 138TH Street |
| Last Name: | Glean | Address 2: | |
| Email: | jamila.glean@vprecords.com | City: | Jamaica |
| Phone: | (718) 425-1100 | State: | NY |
| Alternate Phone: | | Postal Code: | |
| Fax: | | Country: | |

## Mail Certificate

| | | | |
|---|---|---|---|
| First Name: | Jamila | Organization Name: | VP Music Group, Inc. |
| Middle Name: | | Address 1: | 89-05 138TH Street |
| Last Name: | Glean | Address 2: | |
| | | City: | Jamaica |
| | | State: | NY |
| | | Postal Code: | 11435 |
| | | Country: | |

## Certification

| | |
|---|---|
| Name: | Chris Chin |
| Certified: | ✔ |
| Special Handling: | |
| Applicant's Internal Tracking Number: | |
| Note to Copyright Office: | |
| Upload Electronically | ✔ |
| Send By Mail | |



**Exhibit B**





## The Ultimate Reggae Dancehall X-Perience 2008 - Various Artists

1. Tease Her - Anthony B
2. De Plane Land - Richie Spice
3. On The Rock - Mavado
4. To Your Arms of Love - Jah Cure
5. Nah Go a Jail Again (Clean)- Busy Signal
6. Daddy Don't Touch Me There - Queen Ifrika
7. Wine Pon It - Munga Honorable
8. A No Me Dat - Richie Spice
9. Same Old (Story) - Capleton
10. Gun - Etana - Featuring Lutan Fyah
11. Shoot Out - Mykal Rose
12. The World Is A Cycle - Richie Spice
13. I Told You - Marcia Griffiths
14. Board House - Nasbeth
15. The Gal Them Love Me So - Beenie Man
16. My Head - Gyptian
17. Mi Nah Rub - Queen Ifrica
18. Rasta Dub Plate - Perfect
19. Pain - Capleton, Bubu Zaro & Contractor
20. Bad Man - Chuckle Berry
21. Nuff Vibes - Queen Ifrica
22. Break My Promise - Contractor

Catalog # TRCD

The Ultimate Reggae X-perience 2008 may sound like a hard name to live up to but this CD surpasses expectations, entertaining young and old alike. There's something for everyone in this various artistes compilation, from cultural roots music to today's hottest dancehall rhythms. Tad's has managed to bring the best of both worlds together in this exciting mix of reggae styles.

Complementing the 22-track CD is a wealth of music greats from the likes of Anthony B, Richie Spice, Marcia Griffiths, Jah Cure, Mavado, Busy Signal, Capleton. The CD always includes the smash hit from Queen Ifrika highlighting a serious subject.

If you're looking for the ultimate it reggae music and video, look no further – you've found it on Tad's Ultimate Reggae X-perience 2008.

**Exhibit C**

# NEW RELEASE
## FROM TADS RECORD



Producer extraordinaire Kemar 'Flava' McGregor comes with his toughest production to date the Drop It riddim. The heavyweights come out on this one in the form of **Beres Hammond, Marcia Griffiths, Morgan Heritage, Jah Cure** and **Nesbeth.**

Coming up with hit productions is nothing new to McGregor this genius at the keyboards dominated with the 83 riddim with classics such as **Daddy - Queen Ifrica, Poverty - I-Octane, Ano Me Dat - Richie Spice and Heights - Chuck Fenda.** Just to prove that it was no fluke Flava followed up with the **Rub-adub riddim** and which unleashed even bigger hits than its predecessor did. Among the boom shots on the riddim are **Richie Spice** with Plane Land, **Etana's** I Am Not Afraid and **Nesbeth's** Guns Out.

Now the producer has come with his pièce de résistance the **Drop It riddim** and if his track record is anything to go by then we can predict that the tracks on the latest effort from the musical genius will be just as lethal in the dancehall.

### PRODUCED BY
### KEMAR "FLAVA" McGREGOR
### for Tads Record Inc.

# TRACK LISTING

1. I Surrender **Beres Hammond**
2. This One Is For You Mama **Jah Cure**
3. Story **Marcia Griffiths**
4. People Hungry **Morgan Heritage**
5. Baby Mother **Nesbeth**
6. Herbalist Farmer **Chuck Fender**
7. Better World **Freake and Villa Dutch**
8. Keep Your Calm **Gyptian**
9. Eden **Luthan Fyah**
10. Marijuana **Duane Stephenson**
11. Weak In The Knees **Gyptian ft. Tina**
12. Teach Them How To Pray **Konshens**
13. Health and Strength **Pressure**
14. Girl **Doniki**
15. Welcome To The World **Ginjah**
16. Crisis **Prophecy**
17. Feeling Right **Anjele**
18. Drop It **Version**

℗© 2008 TAD'S Record Inc. All Rights reserved. Unauthorized duplication is a violation of applicable laws. Manufactured & Distributed by TAD'S Record Inc. 20401 NW 2nd Ave. Suite 301B Miami, FL 33169
Tel: 305-654-6130 E-Mail: tadsrecordinc@bellsouth.net
TAD'S Int'l. Record 78 3/4 Hagley Park Road Shop #21, Kingston 10 Jamaica W.I.
Tel 876-929-2563 E-mail: tadsrecordinc@cwjamaica.com • WWW.TADSRECORD.COM

TRCD 0604



7 81976 06042 6